T.C. Summary Opinion 2001-38

UNITED STATES TAX COURT

JEFFERRY PHUONG VO AND MAI XUAN NGUYEN, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 3555-99S.                    Filed March 26, 2001.

Jefferry Phuong Vo and Mai Xuan Nguyen, pro sese.

<u>Robert V. Boeshaar</u>, for respondent.


DEAN, <u>Special Trial Judge</u>:  This case was heard pursuant to
the provisions of section 7463 of the Internal Revenue Code in
effect at the time the petition was filed.  Unless otherwise
indicated, subsequent section references are to the Internal
Revenue Code in effect for the year in issue.  The decision to be
entered is not reviewable by any other court, and this opinion
should not be cited as authority.

Respondent determined a deficiency of $5,726 in petitioners'

1995 Federal income tax and an accuracy-related penalty under section 6662 of $1,145 for taxable year 1995.

The issues for decision are: (1) Whether petitioners were engaged in a trade or business or an activity for the production of income during the year in issue; (2) if so, whether petitioners' claimed expenses are ordinary and necessary; and (3) whether petitioners are liable for negligence penalties pursuant to section 6662.

## Background

The stipulation of facts and the accompanying exhibits are incorporated herein by reference. Petitioners resided in Portland, Oregon, at the time the petition in this case was filed.

Petitioners were husband and wife in 1995 and filed a joint Federal income tax return for the taxable year. Petitioner Jefferry Phuong Vo (petitioner), along with two friends, formed a partnership and designed a system in 1992 to use solar energy to generate electricity to run household appliances. They rented a three bedroom residential property located at 1770 Caloosa Court, San Jose, California (San Jose property), in which to develop and apply the solar-powered electric generator (generator). Petitioners claim that they needed a large unobstructed yard with sufficient sunlight to meet their solar needs and that the residential property was less expensive than a commercial

property. None of the partners lived in the San Jose property. All three had their own personal residences.

The partners began marketing the generator in 1993, and they continued to use the San Jose property for office space and to demonstrate the generator for potential distributors. They used a room in the San Jose property as a demonstration area to display the generator's capacity to run a television, fan, and several lights. Petitioner explained that the generator was not designed to supply sufficient energy to run a typical household in the United States but that it was designed to meet the more limited energy needs of households in developing countries.

In 1994 the partners sent a generator to one of the partner's relatives in Vietnam who unsuccessfully attempted to sell the system in Vietnam at a price of $2,000. The relative decided to keep the generator for himself, and the partners gave it to him at their cost of $300.

After further unsuccessful attempts at establishing distributors in Vietnam, petitioner bought out his partners' interests for $1,000 on May 30, 1994, and began marketing the generator under the name Solarsys Technology (Solarsys). Petitioners continued to use the San Jose property and began looking for distributors in other countries such as Malaysia and the Philippines. In 1995 approximately 12 people expressed an interest in establishing distributorships in their countries, and

five people gave petitioners $1,500 or $2,000 for generators to take to their countries to determine if there was a market for the system. All five returned the generators for a refund after determining that they were too expensive to sell.

Petitioner continued making improvements to the system and attempting to establish distributors. In 1996 petitioners sold a generator for $1,500 for the personal use of one of the people who had agreed to sell the generators in Vietnam.

Petitioners filed a joint Form 1040, U.S. Individual Income Tax Return, for 1995 and Schedule C, Profit or Loss From Business, for their activity with respect to Solarsys. Respondent issued a notice of deficiency for petitioners' 1995 taxable year disallowing deductions for all the Schedule C expenses on the grounds that petitioners were not engaged in a trade or business or activity for profit and determining that if petitioners were engaged in such activity, the claimed expenses are not ordinary and necessary. The expenses at issue are as follows:

| | |
|---|---|
| Advertising | $94 |
| Car & truck expenses | 256 |
| Depreciation | 1,600 |
| Office expenses | 103 |
| Rent | 12,600 |
| Travel | 1,875 |
| Meals & entertainment | 100 |
| Utilities | 3,095 |
| Other | 724 |
| Total | 20,447 |

Discussion

Deductions are allowed under section 162 for the ordinary and necessary expenses of carrying on an activity which constitutes the taxpayer's trade or business.  Deductions are allowed under section 212 for expenses paid or incurred in connection with an activity engaged in for the production or collection of income, or for the management, conservation, or maintenance of property held for the production of income.

To be engaged in a trade or business within the meaning of section 162, "the taxpayer must be involved in the activity with continuity and regularity" and "the taxpayer's primary purpose for engaging in the activity must be for income or profit." Commissioner v. Groetzinger, 480 U.S. 23, 35 (1987).  In addition, the taxpayer's business operations must actually have commenced.  See Thomason v. Commissioner, T.C. Memo. 1997-480; Scagliotta v. Commissioner, T.C. Memo. 1996-498; McManus v. Commissioner, T.C. Memo. 1987-457, affd. per curiam without published opinion 865 F.2d 255 (4th Cir. 1988).  An examination of the facts and circumstances of each case is necessary to determine whether a taxpayer is carrying on a trade or business. See Commissioner v. Groetzinger, supra at 36.

It is unclear on what basis respondent determined that petitioners' activity with respect to Solarsys did not constitute a business in 1995.  Upon consideration of all the evidence in

the record, however, we are satisfied that petitioners were actively engaged in business in 1995 under the name Solarsys with the primary purpose of making a profit.

Petitioners' activity attempting to establish distributors to sell their generators was conducted with regularity and continuity. Their activity went beyond the mere startup phase. In 1995 the generator was available for sale, and five individuals purchased the generator for resale. The fact that these individuals eventually returned the generators for a refund does not undermine a conclusion that petitioners were engaged in business. Further, nothing in the record suggests that petitioners' activity attempting to develop a market for their generators was not undertaken with the primary purpose of making a profit. See Golanty v. Commissioner, 72 T.C. 411, 426 (1979), affd. without published opinion 647 F.2d 170 (9th Cir. 1981); sec. 1.183-2(a) and (b), Income Tax Regs.

The next consideration is whether the expenses petitioners claimed on their Schedule C are ordinary and necessary business expenses. See sec. 162(a); Commissioner v. Lincoln Sav. & Loan Association, 403 U.S. 345, 352 (1971); Welch v. Helvering, 290 U.S. 111, 113 (1933). "Ordinary" has been defined in the context of section 162(a) as that which is "normal, usual, or customary" in the taxpayer's trade or business. Deputy v. du Pont, 308 U.S. 488, 495 (1940). "Necessary" has been construed to mean

"appropriate" or "helpful" in the development of the taxpayer's business. <u>Welch v. Helvering</u>, <u>supra</u>. Unless expressly provided for, section 262 prohibits deductions for personal, living, or family expenses.

The basis of respondent's determination that the expenses at issue are not ordinary and necessary appears to be that the expenses were personal in nature and not related to petitioner's business of selling generators. Based on petitioner's explanations at trial, we are satisfied that the following expenses are ordinary and necessary expenses incurred in petitioners' business:

| | |
|---|---:|
| Advertising | $94 |
| Car & truck expenses | 256 |
| Depreciation | 1,600 |
| Office expenses | 103 |
| Rent | 12,600 |
| Utilities | 2,755 |
| Other | <u>724</u> |
| Total | 18,132 |

We found credible petitioner's testimony that the San Jose property was used for business purposes and not as their personal residence despite the fact that petitioners rented the property under a residential lease that provides that the property is to be "used only as a private residence". With respect to the expenses related to petitioners' truck (depreciation, car & truck, and $524 of "other" expense), petitioner testified that he and his wife used the truck to transport solar panels, to

transport the generator system, and to travel to different locations to distribute brochures about their business. Respondent did not challenge petitioners' substantiation of these expenses, and nothing in the record contradicts petitioner's testimony.

We find that petitioners are not entitled to deductions for $340 of utility expenses. These expenses were incurred for cable television. Petitioner testified that the cable was necessary because he liked to watch the news. These expenses are personal and not attributable to petitioners' business. We also find that petitioners are not entitled to deductions for travel and meal and entertainment expenses as petitioners have provided no evidence that these expenses were related to their business.

Finally, we address the accuracy-related penalty imposed pursuant to section 6662(a). Section 6662(a) and (b)(1) imposes a penalty on any portion of an underpayment that is attributable to negligence or disregard of rules or regulations. The term "negligence" includes any failure to make a reasonable attempt to comply with the statute, and the term "disregard" includes any careless, reckless, or intentional disregard. Sec. 6662(c). The penalty does not apply to any portion of an underpayment for which there was reasonable cause and with respect to which the taxpayer acted in good faith. See sec. 6664(c).

Petitioners bear the burden of proving that the accuracy-

related penalty is inapplicable.[1]  See Rule 142(a); <u>Welch v. Helvering</u>, <u>supra</u> at 115; <u>Bixby v. Commissioner</u>, 58 T.C. 757, 791-792 (1972).

With respect to the cable charges, petitioners claimed business deductions for expenses which were personal in nature. Petitioners have failed to provide any information about the business purpose of their claimed travel and meal and entertainment expenses.

Accordingly, we hold that petitioners are liable for an accuracy-related penalty pursuant to section 6662(a) with respect to the understatement of tax attributable to the deductions we have disallowed.

Reviewed and adopted as the report of the Small Tax Case Division.

<u>Decision will be entered</u>

<u>under Rule 155.</u>

---

[1]  Section 7491(c), applicable to court proceedings arising in connection with examinations commencing after July 22, 1998, requires the Secretary to carry the burden of production with respect to additions to tax.  See Internal Revenue Service Restructuring & Reform Act of 1998, Pub. L. 105-206, sec. 3001, 112 Stat. 726.  Petitioners do not contend that their examination commenced after July 22, 1998, or that sec. 7491 is applicable to them.